Linda M. Lawson (Bar No. 77130)
llawson@mmhllp.com
Jason A. James (Bar No. 265129)
jjames@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
800 Wilshire Boulevard, Suite 500
Los Angeles, California 90017-2611
Telephone: (213) 620-0300
Facsimile: (213) 625-1930

Attorneys for Defendant
THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL SOUZA, | Case No. 14-cv-4780 WHO |
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER** |
| vs. | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, MASTERCARD WORLDWIDE SHORT TERM DISABILITY PLAN, and MASTERCARD WORLDWIDE ACTIVE EMPLOYEES LONG TERM DISABILITY PLAN, | Date: January 27, 2015<br>Time: 2:00 p.m.<br>Ctrm: 2<br>Judge: Hon. William H. Orrick<br><br>Complaint Filed: October 27, 2014 |
| Defendants. | |

Pursuant to the Court's Standing Order, the parties, through their respective counsel of record, jointly submit this Case Management Conference Statement, and request that the Court adopt it as its Case Management Order in this case.

## 1. Jurisdiction and Service

Plaintiff Michael Souza ("Plaintiff") brings this action for relief pursuant § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States of

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140741.1

1

Case No. 14-cv-4780 WHO
JOINT CASE MANAGEMENT CONFERENCE
STATEMENT

America. The Court also has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e).

Defendant The Prudential Insurance Company of America ("Prudential") was served with the Complaint and filed its answer on January 9, 2015. Defendant MasterCard Worldwide Active Employees Long Term Disability Plan (the "LTD Plan") was dismissed from this action on December 5, 2014. (Docket No. 17). Defendant MasterCard Worldwide Short Term Disability Plan (the "STD Plan") was dismissed from this action on January 13, 2015. (Docket No. 28). There are no unserved parties to this action, nor do the parties intend to join any additional parties.

**2.     Facts**

This lawsuit arises from Plaintiff's claim for disability benefits under the STD Plan and the LTD Plan. Plaintiff's STD claim has been resolved, and the STD Plan was dismissed from this action on January 13, 2015. Therefore, Plaintiff's claim against Prudential relates only to his claim for benefits under the LTD Plan.

Plaintiff was employed as a Business Leader, Product Sales for MasterCard International Incorporated d/b/a MasterCard Worldwide. He stopped working in May 2013, and submitted a claim for disability benefits, stating that he was unable to return to work following a hernia repair surgery on May 31, 2013 due to symptoms arising from an adverse reaction to the anesthesia and pain medication used during the surgery. Prudential denied Plaintiff's LTD claim, and Plaintiff appealed the decision in August 2013. On December 5, 2013, Prudential upheld its claim decision. Plaintiff submitted a second appeal in June 2014, and Prudential again upheld its claim decision in November 2014.

**Per Plaintiff:** Plaintiff contends that Prudential's letter upholding its claim decision in November 2014 was sent several weeks after the deadline for Prudential to respond to the appeal had passed.

**Per Prudential**: Prudential contends that its decision to uphold its claim determination in November 2014 was timely.

**3. Legal Issues**

The legal issues are:

(1) The appropriate standard of review in this ERISA case;

(2) The proper scope of the administrative record;

(3) If the matter is to be reviewed under the abuse of discretion standard, whether Prudential's determination was an abuse of discretion;

(4) If the matter is to be reviewed *de novo*, whether Plaintiff is entitled to benefits under the terms of the LTD Plan; and

(5) What relief, if any, is appropriate in this matter.

**4. Motions**

No motions are pending before the Court. The parties anticipate that future motions may be necessary as to the standard of review and the scope of the administrative record. The parties propose May 18, 2015 as the deadline to file any such motion.

**5. Amendment of Pleadings**

The parties do not anticipate amending the pleadings.

**6. Evidence Preservation**

The parties are unaware of any issues relating to evidence preservation.

**7. Disclosures**

The parties anticipate exchanging initial disclosures by January 27, 2015. Prudential produced the administrative record to Plaintiff's counsel on December 29, 2014.

**8. Discovery**

**Per Plaintiff:** In the event that the Court determines that this case should be reviewed under a *de novo* standard, Plaintiff does not intend to seek any discovery. In the event that the Court determines that abuse of discretion review applies, Plaintiff reserves the right to seek discovery related to Prudential's conflict of interest and how it impacted the claims-handling process.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140741.1

3

Case No. 14-cv-4780 WHO
JOINT CASE MANAGEMENT CONFERENCE
STATEMENT

**Per Prudential:** Prudential contends that discovery is limited to the Administrative Record. To the extent the Court permits discovery outside the Administrative Record, that discovery should be limited to material necessary to decide any conflict's "nature, extent, and effect on the [plan administrator's] decision making process." *Nolan v. Heald College*, 551 F.3d 1148, 1153 (9th Cir. 2009); *Groom v. Standard Ins. Co.*, 492 F.Supp.2d 1202, 1205 (C.D. Cal. 2007) (stating that discovery in ERISA cases "must be limited to requests that are relevant to the 'nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record.'"). However, "[w]hether to permit discovery into the nature, extent, and effect of the Plan's structural conflict of interest is also a matter within the district court's discretion." *Burke v. Pitney Bowes Inc. Long-Term Disability Plan*, 544 F.3d 1016, 1028, fn. 15 (9th Cir. 2008). Prudential contends that the Court should deny any such discovery.

If the Court determines that the abuse of discretion standard of review should not apply in this case, Prudential asserts that discovery is inappropriate and impermissible in ERISA cases being reviewed under a *de novo* standard.

**9.    Class Actions**

This case is not a class action.

**10.    Related Cases**

None.

**11.    Relief**

**Per Plaintiff:** Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks a declaration that Defendant violated the terms of the Plan by denying him long-term disability benefits from November 30, 2013 through the date judgment is entered, and a declaration that he is entitled to receive future long-term disability benefits under the Plan. He also seeks prejudgment interest, attorneys' fees, and costs of suit.

**Per Prudential:**    Prudential contends that Plaintiff is not entitled to any

relief. However, should any benefits be awarded to Plaintiff, such benefits should be reduced by the amount of any deductible sources of income, including, but not limited to (1) California State disability benefits and (2) Social Security disability benefits. Prudential also contends that the duration of any LTD benefits awarded to Plaintiff is subject to the terms of the LTD Plan.

**12. Settlement and ADR**

The parties filed a "Stipulation and Proposed Order Setting ADR Process" selecting private mediation. (Docket No. 24). There is no need for an ADR Phone Conference.

**13. Consent to Magistrate Judge for All Purposes**

The parties have not all consented to proceed before a Magistrate Judge for all purposes.

**14. Other References**

The parties do not believe this matter is appropriate for binding arbitration or any other type of reference.

**15. Narrowing of Issues**

The parties submit that this is a fairly straightforward ERISA case and do not believe there is a need to narrow the issues at this time.

**16. Expedited Trial Procedure**

The parties do not believe this case can be handled under the Expedited Trial Procedure. However, because this is an ERISA matter, the parties agree that a pre-trial conference is unnecessary. *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094-1095 (9th Cir. 1999). Therefore, with respect to scheduling and planning, the parties request that the Court waive the pre-trial conference and its attendant requirements.

**17. Scheduling**

The parties intend to file cross-motions for judgment pursuant to Rule 52 of the Federal Rules of Civil Procedure ("FRCP"). The parties propose the following

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

140741.1

5

Case No. 14-cv-4780 WHO
JOINT CASE MANAGEMENT CONFERENCE
STATEMENT

schedule:

- Initial Disclosure Deadline: January 27, 2015
- Deadline to Complete Private Mediation: April 13, 2015
- Motion Filing Deadline: May 18, 2015
- Hearing on Standard of Review Motion  June 24, 2015
- Discovery Cut-Off: August 26, 2015
- Motions for Judgment under FRCP 52:
    - Plaintiff's Motion Due: September 7, 2015
    - Prudential's combined Motion/Opposition: September 28, 2015
    - Plaintiff's combined Opposition/Reply: October 12, 2015
    - Prudential's Reply: October 26, 2015
    - Hearing on Motions: November 18, 2015

**18.   Trial**

The parties propose that the hearing on the cross-motions for judgment under FRCP 52 serve as the trial date. The parties anticipate no more than a half-day for oral argument.

**19.   Disclosures of Non-party Interested Entities or Persons**

Pursuant to Local Rule 3-16(b)(3), the parties certify that no interests are known other than the following:

- Plaintiff Michael Souza
- Defendant The Prudential Insurance Company of America
- Prudential Holdings, LLC – Defendant Prudential is a stock company with 100% of its stock owned by Prudential Holdings, LLC.
- Prudential Financial, Inc. – Prudential Holdings, LLC is a wholly-owned subsidiary of Prudential Financial, Inc., which is publicly traded.
- MasterCard Worldwide Short Term Disability Plan (dismissed on January 13, 2015).
- MasterCard Worldwide Active Employees Long Term Disability Plan

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140741.1

6

Case No.  14-cv-4780 WHO
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

(dismissed on December 5, 2014).

**20.    Professional Conduct**

The attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other Matters**

None at this time.

Dated: January 30, 2015         LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.

                                By: _/s/Jacob Richards_
                                    Jacob Richards
                                    Attorneys for Plaintiff
                                    MICHAEL SOUZA

Dated: January 30, 2015         MESERVE, MUMPER & HUGHES LLP

                                By: _/s/Jason A. James_
                                    Jason A. James
                                    Attorneys for Defendant
                                    THE PRUDENTIAL INSURANCE
                                    COMPANY OF AMERICA

## ATTESTATION

I attest that for all conformed signatures indicated by an "/s/", the signatory has concurred in the filing of this document.

Dated: January 30, 2015         MESERVE, MUMPER & HUGHES LLP

                                By: _/s/Jason A. James_
                                    Jason A. James
                                    Attorneys for Defendant
                                    THE PRUDENTIAL INSURANCE
                                    COMPANY OF AMERICA

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140741.1

7

Case No. 14-cv-4780 WHO
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

# **CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated:   January 30, 2015

_____
Hon. William H. Orrick
United States District Court Judge

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

140741.1

8

Case No.  14-cv-4780 WHO
JOINT CASE MANAGEMENT CONFERENCE STATEMENT